IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V. NO. 3:16-CR-83

GEORGE WILLIAM MARTIN, IV

**ORDER**

On February 2, 2017, George William Martin, IV, pled guilty to one count of failing to register as a sex offender. Docs. #1, #20. On June 9, 2017, the Court sentenced Martin to twenty-eight months imprisonment. Doc. #25. A corresponding judgment was entered June 15, 2017. Doc. #27.

On August 23, 2017, Martin, who was then (and remains) in state custody, was paroled by the Mississippi Parole Board to his federal detainer. Doc. #28 at PageID 67. However, before he could be transferred to federal custody, Martin was sentenced in the Circuit Court of Desoto County, Mississippi, to fifteen years imprisonment for receiving stolen property and, "upon release from the term of incarceration [for receiving stolen property]," to ten years of "post release supervision" for grand larceny. *Id*. at PageID 63–64. The September 6, 2017, state court sentencing order provided that "[t]his sentence imposed shall run concurrent to any and all sentences previously imposed." *Id*. at PageID 65. Approximately two months after the September 6 sentencing, the parole board rescinded Martin's parole.[1]

On November 15, 2018, the state court entered an "Agreed Amended Sentencing Order," which provides in relevant part:

> This guilty plea was entered into on September 6, 2017 with the understanding of and reliance by the Defendant and the State of Mississippi that the Defendant was

---

[1] According to a motion filed in Desoto County Circuit Court, the parole board determined that Martin was not eligible for parole and "reversed" its parole decision. Doc. #28 at PageID 69.

> paroled by the Mississippi Parole Board to his federal detainer on August 23, 2017 and that in accordance with the [federal sentence] where this Defendant was sentenced to serve Twenty-Eight (28) months and was committed and remanded to the custody of the United States Bureau of Prisons effective immediately, the Defendant would immediately begin his Federal sentence upon the successful conclusion of this Cause before the above styled Circuit Court of Desoto County, Mississippi. The sentence imposed herein shall run concurrent to the Defendant's time being served in the Federal Bureau of Prisons pursuant to the [federal judgment]. In accordance with the Federal Judgment which was entered prior to this Court's original Sentencing Order, the Mississippi Department of Corrections shall immediately transport the Defendant to the custody of the United States Bureau of Prisons to serve his Federal time, and at the conclusion of said Federal time the Defendant shall be returned to the Mississippi Department of Corrections to complete the remainder of his state sentence imposed herein.

Doc. #28 at PageID 74–75.

Martin was never transferred to federal custody. Accordingly, on or about July 11, 2019, he filed a pro se "Motion for Injunction" seeking an order "calling for federal protective custody[,] placing [him] under the protection of the United States Marshal's Service and [ordering that he] be housed at the Federal Holding Facility in Oxford, MS" until he is "transported to the United States Bureau of Prisons to serve his federal time." Doc. #28 at PageID 62.

With respect to the execution of a federal sentence, an order directing the transfer of an inmate from state to federal custody ordinarily falls outside the power of a sentencing court. *United States v. Warren*, 610 F.2d 680, 684 (9th Cir. 1980). Such relief should be pursued in a civil action. *Id.* More fundamentally, while under certain circumstances a civil court may direct that a state inmate be removed from a particular place of incarceration, *Streeter v. Hopper*, 618 F.2d 1178, 1182 (5th Cir. 1980), "federal courts have no authority to violate the statutory mandate that federal authorities need only accept prisoners *upon completion of their state sentence*." *Leal v. Tombone*, 341 F.3d 427, 429 (5th Cir. 2003) (internal quotation marks omitted and emphasis added). This is true even when a there is a state court order directing that a defendant "be taken

to a federal prison to serve out his concurrent state sentence." *Id*. at 430. For these reasons, Martin's motion for injunctive relief [28] is **DENIED**.

**SO ORDERED**, this 12th day of January, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**